UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LUSTA JOHNSON, SR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-00367-JPH-DLP |
| ) | |
| B. LAMMER, et al. ) | |
| ) | |
| Respondents. ) | |

**Order Dismissing Petition for Writ of Habeas Corpus
and Directing Petitioner to Show Cause**

Before the Court is Petitioner Lusta Johnson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petition is premised on the COVID-19 pandemic, and he purports to seek home confinement pursuant to 28 U.S.C. § 2241. For the following reasons, the Petition is dismissed, and Mr. Johnson is directed to show cause why this action should not be dismissed.

**I. Legal Standard**

A federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Accordingly, habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138–39 (7th Cir. 1995).

A petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

## II. Discussion

In response to the pandemic, the Bureau of Prisons (BOP) has taken steps to protect the health of inmates and staff; this includes, where determined suitable by BOP, the transfer of inmates to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)(2)], as the Director deems appropriate.

134 Stat. at 516 (CARES Act § 12003(b)(2)). The CARES Act expands the powers of the Attorney General and the Director of the BOP, but not the courts.

Mr. Johnson seeks to challenge the denial of his request for placement on home confinement. Although Mr. Johnson seeks to be transferred to home confinement, he does not allege that his custody violates the Constitution. Rather, he challenges the conditions of his confinement. And, while he contends that the denial of his request for home confinement violates his equal protection rights, he does not sufficiently allege how he was treated differently than other inmates or show that, even if he was, he could obtain the relief he seeks through his § 2241 petition. The Court simply cannot order an inmate's placement on home confinement. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (holding that the district court lacks authority to transfer a prisoner to home confinement; instead, "the [BOP] (and, under the CARES Act, the Attorney General) has plenary power over its inmates' placement"); *see also United States v.*

*Williams*, 829 F. App'x 138, 139 (7th Cir. 2020) (holding that the CARES Act expanded BOP's power "to place a prisoner in home confinement but reserved the determination of suitable candidates for home confinement to the BOP") (cleaned up).

Further, a habeas petition is not the appropriate avenue to challenge prison conditions. *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions"). "While COVID-19 has created new challenges, a request for home confinement does not attack the duration or fact of confinement, only a condition (its location), making § 2241 an improper route." *Savage v. Warden of FCI Pekin*, No. 1:20-CV-1181, 2020 WL 4060768, at *2 (C.D. Ill. July 20, 2020) (citing *Maday v. Fluke*, No. 20-CV-343, 2020 WL 2769486, at *1 (W.D. Wis. May 28, 2020) (holding that § 2241 claim alleging prison was not enacting adequate safety measures against COVID-19 given his health conditions must be dismissed because the petitioner did not challenge the lawfulness of the sentence)). In cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that [he] must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005).

### III. Conclusion

Mr. Johnson's habeas petition is summarily dismissed pursuant to Rule 4 because he is not challenging the "the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Mr. Johnson shall have **through November 22, 2021**, to show cause why this action should not be dismissed for the reasons explained above.

**SO ORDERED.**

Date: 10/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LUSTA JOHNSON, SR
46356-424
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

4